## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JOSHUA DENNISON**, *on behalf of himself and those similarly situated*, | * | Case No. 3:23-cv-1701 |
| | * | |
| Named Plaintiff, | | Judge |
| v. | * | |
| | | Magistrate Judge |
| **ADVANCED REHABILITATION TECHNOLOGY, LTD.** | * | **JURY DEMAND ENDORSED HEREON** |
| C/O Statutory Agent | * | |
| Dustin L. Schlachter | | |
| 09547 State Route 34 | * | |
| Bryan, Ohio 43506, | | |
| | * | |
| Defendant. | | |
| | * | |

## PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW

Now comes Named Plaintiff Joshua Dennison ("Dennison" or "Plaintiff"), by and through undersigned counsel, *individually and on behalf of those similarly situated*, for his Collective and Class Action Complaint against Advanced Rehabilitation Technology, LTD. ("ART" or "Defendant") for its willful failure to pay employees overtime wages seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. 4111.03 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), Ohio Rev. Code § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts").  For his Complaint, Named Plaintiff states and avers as follows:

## SUMMARY OF COMPLAINT

1.      Mr. Dennison brings this collective and class action Complaint to recover unpaid overtime wages and other damages from ART for at least two (2) reasons.

Page **1** of **22**

2.      Mr. Dennison was employed by ART as a general laborer from approximately June 16, 2022 until July 20, 2023.

3.      As a general laborer, ART classified him as an hourly, non-exempt employee. He was paid a base hourly wage, but is also paid at higher hourly rates depending on the particular job and work site.

4.      As a general laborer, he primarily traveled to various work sites with other general laborers to repair and maintain water and wastewater systems.

5.      Defendant ART employs at least fifty (50) or more general laborers similar to Mr. Dennison.

6.      While Defendant ART is based in Bryan, Ohio, it has a location in La Vale, Maryland and provides water and wastewater solutions to clients in Ohio, Michigan, Indiana, Illinois, Pennsylvania, Maryland, New York, New Jersey, and West Virginia.[1]

7.      Defendant has multiple company-wide policies of failing to pay Named Plaintiff and similarly situated general laborers for all overtime compensation in at least two ways.

8.      First, it has a policy of paying Named Plaintiff two or more rates of pay depending on the location of the work.

9.      For example, for the pay period of January 8, 2023 through January 14, 2023, Mr. Dennison worked and was paid at a rate of $17 per hour for at least 3.25 regular hours, $20 per hour for at least regular 8.5 hours, and $34.69 per hour for at least 28.25 regular hours for a total of at least 40 regular work hours.

---

[1] *See* https://www.artcoatingtech.com/about-us/ (last visited Aug. 24, 2023).

10.    He also worked at least 10.50 hours of overtime during that pay period. However, Defendant paid him at an overtime rate of $25.50 per hour for 2.25 hours of work and $30.00 per hour for 8.25 hours of work.

11.    Instead, Defendant should have paid him at the correct regular rate of pay by weighing the average of such rates, then multiply that pay rate by 1.5 times.

12.    By failing to pay him at the correct regular rate of pay ("RROP"), Defendant violated the FLSA. *See* 29 C.F.R. § 778.115.

13.    During workweeks when Named Plaintiff and other general laborers worked overtime and were paid at two or more different non-overtime rates of pay, Defendant failed to pay them for all overtime compensation.

14.    Second, Defendant has a company-wide policy of not compensating Named Plaintiff and similarly situated general laborers for all travel time resulting in unpaid overtime compensation.

15.    In particular, Named Plaintiff and similarly situated general laborers were required to travel to and from remote jobsites during their normal work hours to work on Defendant's projects in Ohio and in various states. Depending on the location of the jobsite, they could be located hundreds of miles away from Named Plaintiff's and other general laborers' home communities.

16.    During non-overnight stays, Named Plaintiff was required to travel back to Defendant's main worksite in Bryan, Ohio after completing his job duties at a work site. However, Defendant failed to fully pay Named Plaintiff and other general laborers for such time.

17.     In addition, after returning to the main Bryan, Ohio facility, Named Plaintiff and other general laborers completed paperwork, unloaded their vehicles, and put away necessary tools and equipment from the day's work. However, Defendant did not compensate them for such time.

18.     Further, Defendant required Named Plaintiff and other general laborers to stay overnight at remote jobsites for projects that were in other States. However, during such instances, Defendant failed to fully pay for all travel time back to Named Plaintiff's and general laborers' home communities. Defendant's company-wide policy and practice of not fully counting as hours worked the time its hourly, non-exempt employees, including Named Plaintiff, spent traveling during their normal work hours from remote jobsites that required an overnight stay violates the FLSA. *See* 29 C.F.R. § 785.39.

19.     Defendant knew or should have known that Plaintiff and Putative Class Members were working overtime hours and hours for which they were not fully compensated at an overtime rate when they traveled back from jobsites, whether that be those involving overnight stays or otherwise (collectively hereafter referred to as "Unpaid Travel Time").

20.     However, Defendant failed to pay them anyways.

21.     All of Defendant's hourly, non-exempt general laborers, including Named Plaintiff, have been subject to the same or similar employment policies and practices, including policies and practices with respect to the payment of wages, as alleged herein.

22.     Named Plaintiff brings this action on behalf of himself and similarly situated current and former hourly general laborer employees who elect to opt in pursuant to the FLSA, 29 U.S.C. § 216(b) ("FLSA Collective" as defined below) to remedy violations of the FLSA wage and hour provisions by Defendant.

23.     Named Plaintiff also brings this action on behalf of himself and similarly situated current and former hourly general laborer employees pursuant to Federal Rule of Civil Procedure 23 ("Ohio Class" as defined below) to remedy violations of the Ohio Acts claims.[2]

## I.     JURISDICTION AND VENUE

24.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 for violations of the FLSA, 29 U.S.C. § 216(b).

25.     This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio (the Ohio Acts) over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

26.     Venue is proper in this forum pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to their claims occurred in the Northern District of Ohio; Defendant is an Ohio for-profit corporation, formed and subject to the laws of the State of Ohio; and the challenged policy and/or practice at issue emanates from its main facility located at 525 Winzeler Drive, Unit 1, Bryan, Ohio 43506, which is in this judicial district.

## II.     FACTUAL ALLEGATIONS

### A.     Named Plaintiff Dennison

27.     Named Plaintiff Dennison is an individual, a United States citizen, and a resident of this judicial district.

28.     Mr. Dennison was employed by ART as a general laborer from approximately June 16, 2022 until July 20, 2023.

---

[2] FLSA Collective and Ohio Class collectively hereinafter "Putative Class Members" or "Putative Class."

29.     As a general laborer, ART classified him as an hourly, non-exempt employee. He was paid a base hourly wage, but is also paid at higher hourly rates depending on the particular job and work site.

30.     As a general laborer, he primarily performed non-exempt duties such as traveling to various work sites with other general laborers to repair and maintain water and wastewater systems.

31.     At all times relevant, Dennison was non-exempt and paid on an hourly basis.

32.     At all times relevant, Dennison was an "employee" as defined in the FLSA and the Ohio Acts.

33.     Dennison's Consent to Join Form is filed herewith, pursuant to 29 U.S.C. § 216(b), and attached as **Exhibit A**.

34.     The FLSA Collective of similarly situated employees to whom Dennison seeks to represent are defined as:

> All hourly, non-exempt general laborers who (1) worked over forty (40) hours; and (2) were paid at various hourly rates of pay during any workweek three (3) years preceding the filing of the Complaint and continuing through final disposition of this case ("FLSA RROP Collective Members" or "FLSA RROP Collective");
>
> All hourly, non-exempt general laborers who (1) worked at least forty (40) hours; and (2) were paid at various hourly rates of pay during any workweek three (3) years preceding the filing of the Complaint and continuing through final disposition of this case ("FLSA Unpaid Travel Time Collective Members" or "FLSA Unpaid Travel Time Collective").

35.     The FLSA Collective comprised of the FLSA RROP Collective Members and FLSA Unpaid Travel Time Collective Members are collectively referred to as the "FLSA Collective Members" or "FLSA Collectives."

36. Dennison also seeks to represent such classes under the Ohio Acts – OMWA and the OPPA – pursuant to Fed. R. Civ. P. 23.

37. The Ohio Classes of similarly situated employees are defined as:

All hourly, non-exempt general laborers who (1) worked over forty (40) hours; and (2) were paid at various hourly rates of pay during any workweek two (2) years preceding the filing of the Complaint and continuing through final disposition of this case ("Ohio RROP Class Members" or "Ohio RROP Class");

All hourly, non-exempt general laborers who (1) worked at least forty (40) hours; and (2) were paid at various hourly rates of pay during any workweek two (2) years preceding the filing of the Complaint and continuing through final disposition of this case ("Ohio Unpaid Travel Time Class Members" or "Ohio Unpaid Travel Time Class").

38. The Ohio RROP Class Members and Ohio Unpaid Travel Time Class Members will be collectively referred to as the "Ohio Class Members" or "Ohio Class."

**B.    Defendant Advanced Rehabilitation Technology**

39. At all times relevant, Defendant is a domestic for-profit limited liability company authorized to do business in Ohio, subject to the laws of the State of Ohio, and it regularly conducts business in this judicial district.

40. While Defendant ART is based in Bryan, Ohio, it has a location in La Vale, Maryland and provides water and wastewater solutions to clients in Ohio, Michigan, Indiana, Illinois, Pennsylvania, Maryland, New York, New Jersey, and West Virginia.

41. Defendant ART employs at least fifty (50) or more general laborers similar to Mr. Dennison to diagnose, repair, and maintain water and wastewater systems for industrial and municipal projects.

42.     At all times relevant, Defendant was an "employer" as that term is defined by the FLSA and the Ohio Acts due to its employment of Named Plaintiff and those similarly situated, regardless of what facility they worked in, as described herein.

43.     At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r). That is, Defendant performs related activities through unified operations and common control for a common business purpose; named, the operation of "Advanced Rehabilitation Technology" projects throughout the State of Ohio and the continental United States.

44.     At all relevant times, Defendant had direct or indirect control and authority over Named Plaintiff's and other similarly situated employees' working conditions, including matters governing the essential terms and conditions of their employment.

45.     At all relevant times, Defendant exercised that authority and control over Named Plaintiff and other similarly situated employees.

46.     At all relevant times, Defendant had the authority to (and does) hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

47.     At all times relevant, ART was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because Defendant has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, such as medical tools, personal protective equipment, computers, and cell phones.

48.     At all relevant times, ART has had an annual gross volume of sales made, or business done, of not less than $500,000 (exclusive of excise taxes at the retail level) each of last three (3) years preceding the original Complaint.

49.     Defendant applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees at all of its projects, including policies, practices and procedures relating to the payment of wages, overtime, and timekeeping.

50.     At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to perform uncompensated work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

51.     At all times relevant, Defendant applied the same or similar policies and/or practices of failing to pay at the correct regular rate of pay and failing to pay for all travel time as alleged above.

52.     Upon information and belief, Defendant, at all times relevant hereto, was fully aware of the fact that it was legally required to comply with the wage and overtime laws of the United States and of the State of Ohio.

## III.     COLLECTIVE AND CLASS ACTION FACTUAL ALLEGATIONS

53.     At all times relevant, Named Plaintiff and other members of the Putative Class were hourly, non-exempt employees entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for the hours they worked in excess of forty (40) each workweek. 29 U.S.C. § 207; Ohio Revised Code § 4111.03.

54.     Named Plaintiff and other members of the Putative Class worked overtime hours during one or more workweeks during their employments with Defendant.

55. At all times relevant, (1) Named Plaintiff and similarly situated general laborers regularly worked overtime without compensation, and (2) Defendant knew that Named Plaintiff and similarly situated general laborers worked overtime without proper compensation.

**(Unpaid Overtime because of the Failure to Pay at the Correct Regular Rate of Pay)**

56. Named Plaintiff and similarly situated general laborers are paid on a weekly basis and Defendant defines their workweek as Sunday through Saturday.

57. Defendant has a policy paying Named Plaintiff two or more rates of pay depending on the work.

58. As alleged above, for example, for the pay period of January 8, 2023 through January 14, 2023, Mr. Dennison worked and was paid at a rate of $17 per hour for at least 3.25 regular hours, $20 per hour for at least regular 8.5 hours, and $34.69 per hour for at least 28.25 regular hours for a total of at least 40 regular work hours.

59. He also worked at least 10.50 hours of overtime during that pay period. However, Defendant paid him at an overtime rate of $25.50 per hour for 2.25 hours of work and $30.00 per hour for 8.25 hours of work.

60. Instead, Defendant should have paid him at the correct regular rate of pay by weighing the average of such rates, then multiply that pay rate by 1.5 times.

61. By failing to pay him at the correct regular rate of pay ("RROP"), Defendant violated the FLSA. *See* 29 C.F.R. § 778.115; *See* 29 U.S.C. § 207(e).

62. Defendant applies the RROP policy to all of its general laborers classified as hourly, non-exempt.

63.    During workweeks when Named Plaintiff and other general laborers worked overtime and were paid at two or more different non-overtime rates of pay, Defendant failed to pay them for all overtime compensation.

**(Unpaid Overtime Due to the Failure to Pay for All Travel Time)**

64.    Second, Defendant has a company-wide policy of not compensating Named Plaintiff and similarly situated general laborers for all travel time resulting in unpaid overtime compensation.

65.    In particular, Named Plaintiff and similarly situated general laborers were required to travel to and from remote jobsites during their normal work hours to work on Defendant's projects in Ohio and in various states. Depending on the location of the jobsite, they could be located hundreds of miles away from Named Plaintiff's and other general laborers' home communities.

66.    During non-overnight stays, Named Plaintiff was required to travel back to Defendant's main worksite in Bryan, Ohio after completing his job duties at a work site. However, Defendant failed to fully pay Named Plaintiff and other general laborers for such time.

67.    Further, Defendant required Named Plaintiff and other general laborers to stay overnight at remote jobsites for projects that were in other States. However, during such instances, Defendant failed to fully pay for all travel time back to Named Plaintiff's and general laborers' home communities.

68.    Defendant's company-wide policy and practice of not fully counting as hours worked the time its hourly, non-exempt employees, including Named Plaintiff, spent traveling during their normal work hours from remote jobsites that either did not require or required an overnight stay ("Unpaid Travel Time") violates the FLSA.

69.     Defendant knew or should have known that it was not fully compensating Named Plaintiff and similarly situated general laborers at the correct regular rate of pay and for all travel time, but failed to pay them in accordance with the FLSA and Ohio acts anyways.

70.     As set forth herein, Defendant failed to compensate Named Plaintiff and other similarly situated general laborers for all overtime wages earned as a result of (1) failing to pay Named Plaintiff and similarly situated general laborers at the correct regular rate of pay due to its RROP policy and (2) for all travel time due to its Unpaid Travel Time policy violates the FLSA, 29 U.S.C. § 207, and corresponding Ohio Acts, R.C. §§ 4111.03(A) and 4113.15, because it fails to compensate employees for all time they have actually worked.

71.     This integral and indispensable unpaid work performed by Named Plaintiff and other similarly situated employees was practically ascertainable to Defendant.

72.     Defendant knowingly and willfully failed to pay Named Plaintiff and other similarly situated employees as described herein.

73.     Upon information and belief, for the three years preceding the Complaint, Defendant applied the same pay practices and policies to all hourly, non-exempt general laborers, including Named Plaintiff.

**A.     FLSA Collective Action for Unpaid Overtime Wages**

74.     Named Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated who have been, are being, or will be adversely affected by Defendant's unlawful conduct as described herein.

75.     As outlined above, the collective that Named Plaintiff seeks to represent and to whom Named Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, of which Named Plaintiff himself is each a member, is composed of and defined as follows:

> All hourly, non-exempt general laborers who (1) worked over forty (40) hours; and (2) were paid at various hourly rates of pay during any workweek three (3) years preceding the filing of the Complaint and continuing through final disposition of this case ("FLSA RROP Collective Members" or "FLSA RROP Collective");

> All hourly, non-exempt general laborers who (1) worked at least forty (40) hours; and (2) were paid at various hourly rates of pay during any workweek three (3) years preceding the filing of the Complaint and continuing through final disposition of this case ("FLSA Unpaid Travel Time Collective Members" or "FLSA Unpaid Travel Time Collective").

76.     This action is maintainable as an "opt-in" collective action pursuant to the FLSA as to claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs. In addition to Named Plaintiff, numerous current and former hourly general laborers are similarly situated with regard to their wages and claims for unpaid wages and damages. Named Plaintiff is representative of those other employees and are acting on behalf of his interests, as well as his own, in bringing this action.

77.     These similarly situated employees are known to Defendant and are readily identifiable through Defendant's business and payroll records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. §216(b) for the purpose of collectively adjudicating their claims for unpaid wages, overtime compensation, liquidated damages, attorneys' fees, and costs.

**B.      Federal Rule of Civil Procedure 23 Class Action for Unpaid Overtime Wages**

78.     Named Plaintiff brings his Ohio Acts claims under Federal Rule of Civil Procedure 23 as a class action on behalf of themselves and all other members of the following class:

> All hourly, non-exempt general laborers who (1) worked over forty (40) hours; and (2) were paid at various hourly rates of pay during any workweek two (2) years preceding the filing of the Complaint and continuing through final disposition of this case ("Ohio RROP Class Members" or "Ohio RROP Class");

> All hourly, non-exempt general laborers who (1) worked at least forty (40) hours; and (2) were paid at various hourly rates of pay during any workweek two (2) years preceding the filing of the Complaint and continuing through final disposition of this case ("Ohio Unpaid Travel Time Class Members" or "Ohio Unpaid Travel Time Class").

79.     The claims brought on behalf of the Rule 23 Class, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Rule 23 Class during the relevant time period above.

80.     The Ohio Classes, as defined above, are each so numerous that joinder of all members is impracticable. Named Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over fifty (50) persons. The number of class members, as well as their identities, are ascertainable from the payroll and personnel records Defendant maintained, and were required to maintain, pursuant to the FLSA and the Ohio Acts. *See* 29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5, 516.6, 516.7; and Art II., Section 34a of the Ohio Constitution.

81.     Named Plaintiff is a member of the Ohio Classes and his claims for unpaid wages are typical of the claims of other members of the Ohio Classes.

82.     Named Plaintiff will fairly and adequately represent the Ohio Classes and the interests of all members of the Ohio Classes.

83.     Named Plaintiff has no interests that are antagonistic to or in conflict with those interests of the Ohio Classes that he has undertaken to represent.

84.     Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Ohio Classes. Named Plaintiff's counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Classes in this case.

85.     Questions of law and fact are common to the Ohio Classes and predominate over any questions affecting only individual members. The questions of law and fact common to the Ohio Classes arising from Defendant's conduct include, without limitation:

(a)     whether Defendant violated the Ohio Acts by failing to pay the Ohio Class Members for all overtime wages earned because of the violation(s) described herein;

(b)     what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Ohio Classes on account of Defendant's violations of the Ohio Acts;

(c)     whether the unpaid and/or withheld compensation remained unpaid in violation of the Ohio Acts; and

(d)     what amount of prejudgment interest, liquidated damages, and/or other monetary relief afforded by the Ohio Acts is due to Named Plaintiff and other members of the Ohio Classes on the overtime or other entitled compensation which was withheld or not paid to them.

86.     Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendant with respect to their hourly, non-exempt employees comprising of the Ohio Class.

87.     Class certification is appropriate under Rule 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Ohio Classes, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Ohio Classes as a whole.

88.     Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Ohio Classes predominate over questions affecting individual members of the Ohio Classes and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

89.     A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claims and will prevent undue financial, administrative, and procedural burdens on the parties and the Court.

90.     Named Plaintiff and counsel are not aware of any interfering pending Ohio litigation on behalf of the Ohio Classes as defined herein. Because the damages sustained by individual members may be modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against Defendant to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## IV.     CAUSES OF ACTION

### COUNT I
### (29 U.S.C. § 207 - FLSA COLLECTIVE ACTION FOR UNPAID OVERTIME COMPENSATION)

91.     All of the preceding paragraphs are realleged as if fully rewritten herein.

92.     This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and other members of the FLSA Collectives against Defendant, individuals who may join this case pursuant to 29 U.S.C. § 216(b).

93.     The FLSA requires that non-exempt employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

94.     Named Plaintiff and other members of the FLSA Collectives should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

95.     Defendant did not pay overtime compensation to Named Plaintiff and other members of the FLSA Collectives at overtime wages for all of their overtime hours worked due to Defendant's (1) RROP Policy; and (2) Unpaid Travel Time policy as alleged above.

96.     Defendant's failure to keep records of all of the hours worked each workday and the total hours worked each workweek by Named Plaintiff and other similarly situated employees also violates the FLSA. *See* 29 C.F.R § 516.2(a)(7).

97.     As a result of Defendant's practices and/or policies, Named Plaintiff and other members of the FLSA Collectives have not received overtime wages due to them pursuant to the FLSA.

98.     Defendant knowingly, willfully, and/or in reckless disregard carried out an illegal pattern and practice of failing to pay Named Plaintiff and other members of the FLSA Collectives overtime compensation. Defendant's deliberate failure to pay overtime compensation to Named Plaintiff and other members of the FLSA Collectives was neither reasonable, nor was the decision not to pay overtime compensation made in good faith. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

99.     The exact total amount of compensation, including overtime compensation, that Defendant failed to pay Named Plaintiff and other members of the FLSA Collectives is unknown at this time, as many of the records necessary to make such calculations are in the possession of Defendant and/or were not kept by Defendant.

100.    As a result of Defendant's violations of the FLSA, Named Plaintiff and other members of the FLSA Collectives were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Named Plaintiff and other members of the FLSA Collectives to an award of "unpaid overtime compensation" as well as "an additional equal amount

as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

101.　Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

<u>COUNT II</u>
**(O.R.C. § 4111.03 – RULE 23 CLASS ACTION FOR UNPAID OVERTIME COMPENSATION)**

102.　All of the preceding paragraphs are realleged as if fully rewritten herein.

103.　This claim is brought under the Ohio Wage Act.

104.　Named Plaintiff and other Ohio Class Members have been employed by Defendant, and Defendant is an employer covered by the overtime requirements under the Ohio Wage Act.

105.　The Ohio Wage Act requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." *See* O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

106.　While employed by Defendant, Named Plaintiff and other Ohio Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03, but were not fully paid overtime wages as outlined above.

107.　As a result of Defendant's company-wide corporate policies and/or practices as described herein, Defendant failed to pay Named Plaintiff and other Ohio Class Members all overtime wages earned.

108.    Named Plaintiff and other Ohio Class Members were not exempt from the wage protections of the Ohio Wage Act.

109.    Defendant's repeated, knowing failure to pay overtime wages to Named Plaintiff and other Ohio Class Members were violations of the Ohio Wage Act, and, as such, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and other Ohio Class Members are entitled.

110.    For Defendant's violations of the Ohio Wage Act, Named Plaintiff and other Ohio Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, interest, attorneys' fees, and all other remedies available on behalf of himself and all other Ohio Class Members.

## COUNT III
### (O.R.C. § 4113.15 – RULE 23 CLASS ACTION FOR OPPA VIOLATION)

111.    All of the preceding paragraphs are realleged as if fully rewritten herein.

112.    The OPPA encompasses two claims. First, a violation of any other wage statute (including the FLSA or the Ohio Wage Act) triggers a failure to timely pay wages under the OPPA.

113.    Second, the OPPA allows an employee to sue to recover liquidated damages if the wages due are not in dispute.

114.    Named Plaintiff and other Ohio Class Members have been employed by Defendant.

115.    At all times relevant, Defendant was an entity covered by the OPPA, and Named Plaintiff and other Ohio Class Members have been employed by Defendant within the meaning of the OPPA.

116.    The OPPA requires Defendant to pay Named Plaintiff and other Ohio Class Members all wages, including unpaid overtime compensation, on or before the first day of each month for wages earned by them during the first half of the preceding month ending with the

fifteenth day thereof *and* on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

117.    At all times relevant, Named Plaintiff and other Ohio Class Members were not paid all wages, including overtime wages at one-and-one-half times their regular rates of pay within thirty (30) days of performing the work as outlined above. *See* O.R.C. § 4113.15(B).

118.    As a result, Named Plaintiff's and other Ohio Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled payday.

119.    Defendant's violations of the OPPA, O.R.C. § 4113.15, injured Named Plaintiff and other Ohio Class Members of the FLSA Collectives in that they did not receive wages due to them in a timely fashion as required by Ohio Law.

120.    In violating the OPPA, Defendant acted willfully, without a good faith basis, and with reckless disregard of clearly applicable Ohio law.

121.    As a result of Defendant's violation of the OPPA, Plaintiff and other members of the FLSA Collective and Ohio Class Members are entitled to unpaid wages and liquidated damages pursuant to O.R.C. § 4113.15.

## V.    <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Named Plaintiff request judgment against Defendant and for an Order:

A.    Certifying the proposed FLSA collective action;

B.    Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collectives apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA;

C.    Certifying the proposed Ohio Class under the Ohio Acts;

D.    Finding that Defendant have failed to keep accurate records and that Named Plaintiff and other members of the FLSA Collectives and Ohio Class Members are entitled to prove their hours worked with reasonable estimates;

E.      Finding that Defendant's wage and hour policies and/or practices as alleged herein violate the FLSA;

F.      Entering judgment against Defendant for damages for all unpaid overtime compensation owed to Named Plaintiff and other members of the FLSA Collectives during the applicable statutory period under the FLSA and continuing through trial;

G.      Entering judgment against Defendant for liquidated damages pursuant to the FLSA in an amount equal to all unpaid overtime compensation owed to Named Plaintiff and other members of the FLSA Collectives during the applicable statutory period under the FLSA and continuing through trial;

H.      Awarding to Named Plaintiff and other members of the FLSA Collectives and Ohio Class Members unpaid compensation, including overtime wages as to be determined at trial together with any liquidated damages allowed by the Ohio Acts, including but not limited to the OPPA, including but not limited to in an amount equal to six per cent of the amount of the unpaid wages still unpaid or two hundred dollars per Ohio Class member, whichever is greater;

I.      Awarding Named Plaintiff and other members of the FLSA Collectives and Ohio Class prejudgment interest, post-judgment interest, and an award of damages representing Defendant's employers' share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

J.      Awarding to Named Plaintiff a service award for his efforts in remedying various pay policies/practices as outlined above;

K.      Awarding to Named Plaintiff and other members of the FLSA Collectives and Ohio Class costs and disbursements and reasonable allowances for fees of counsel and experts and reimbursement of expenses;

L.      Directing Defendant to pay reasonable attorneys' fees and all costs connected with this action;

M.      Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery;

N.      Declaring judgment for all civil penalties to which Named Plaintiff and all other similarly situated employees may be entitled; and

O.      Awarding such other and further relief as to this Court may deem necessary, just, or proper.

Respectfully submitted,

| | |
|---|---|
| */s/ Daniel I. Bryant* | */s/ Matthew B. Bryant* |
| Daniel I. Bryant (0090859) | Matthew B. Bryant (0085991) |
| **BRYANT LEGAL, LLC** | Esther E. Bryant (0096629) |
| 1550 Old Henderson Road, Suite 126 | **BRYANT LEGAL, LLC** |
| Columbus, Ohio 43220 | 3450 W Central Ave., Suite 370 |
| Phone: (614) 704-0546 | Toledo, Ohio 43606 |
| Facsimile: (614) 573-9826 | Telephone: (419) 824-4439 |
| Email: dbryant@bryantlegalllc.com | Facsimile: (419) 932-6719 |
| | Email: Mbryant@bryantlegalllc.com |
| | Ebryant@bryantlegalllc.com |

*Attorneys for Named Plaintiff and those similarly situated*

## **JURY DEMAND**

Named Plaintiffs request a trial by a jury of eight (8) persons.

*/s/ Daniel I. Bryant*
Daniel I. Bryant