IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF
OHIO WESTERN DIVISION

| | |
|---|---|
| **JOSHUA DENNISON**, *on behalf of themselves and all others similarly situated,* | )<br>)<br>) Case No. 3:23-cv-01701<br>) |
| Plaintiff, | ) Judge James G. Carr<br>)<br>) |
| v. | )<br>) |
| **ADVANCED REHABILITATION TECHNOLOGY, LTD.**, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

## ORDER GRANTING JOINT MOTION FOR APPROVAL OF FLSA COLLECTIVE ACTION SETTLEMENT AND DISMISSAL WITH PREJUDICE

Representative Plaintiff Joshua Dennison ("Representative Plaintiff") and Defendant Advanced Rehabilitation Technology, Ltd. ("Defendant") (Representative Plaintiff and Defendant are, collectively, the "Parties") jointly moved the Court for approval of their FLSA collective action settlement. (Joint Motion For Order, ECF No. 19 ("Joint Motion")). The Joint Motion asks this Court, among other things, to approve, as fair and reasonable, the settlement reached by the Parties and memorialized in their Collective Action Settlement Agreement and Release ("Settlement" or "Agreement"). (ECF No. 19-1.)

After a careful review of the Joint Motion, the Agreement, the Bryant Declaration, and related pleadings, this Court finds that the Agreement is a fair, reasonable, and adequate resolution of a bona fide legal dispute between the Parties in all aspects. This Court also approves the proposed allocation and calculation of the individual Settlement Awards, the proposed attorney fees, and costs and litigation expense reimbursements to Representative Plaintiff's Counsel, and costs to Analytics Consulting, LLC to administer the settlement.

18211714.2

1. On August 30, 2023, Representative Plaintiff filed a lawsuit, styled as *Joshua Dennison, et al.*, *v. Advanced Rehabilitation Technology, Ltd.*, Case No. 3:23-cv-01701-JGC, in the United States District Court for the Northern District of Ohio, Western Division, Ohio ("Action"). In the Action, Representative Plaintiff asserted, on behalf of himself and others allegedly similarly situated to him, a variety of unpaid wages claims against Defendant under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio Minimum Fair Wage Standards Act, O.R.C. § 4111.01, *et seq.* (the "Ohio Wage Act"); and the Ohio Prompt Pay Act, O.R.C. § 4113.15 (the "OPPA") (the Ohio Wage Act and the OPPA collectively, "Ohio Acts"). In particular, Representative Plaintiff alleged that Defendant failed to pay him, and other similarly situated hourly, non-exempt general laborers (1) at the correct regular rate of pay during one or more workweeks when they worked overtime and were paid at multiple base hourly rates of pay; and (2) for all hours worked when they traveled to and from remote jobsites. (*See* ECF No. 1, Complaint). Representative Plaintiff claimed that this failure resulted in unpaid wages, including overtime, in violation of the FLSA and the Ohio Acts during workweeks when he and other general laborers worked forty (40) or more hours. (*Id.*)

2. On October 27, 2023, Defendant filed an Answer and denied all allegations in the Complaint and asserted eleven (11) affirmative defenses, including that its pay policies/practices were made in good faith in conformity with and in reliance on a written administrative regulation, order, ruling, approval, interpretation, administrative practice, or enforcement policy of the administrator of the Wage and Hour Division of the Department of Labor pursuant to 29 U.S.C. § 259. (*See* Answer, ECF No. 7)

3. To avoid the burden, expense, risks, disruption, and uncertainty of protracted collective action litigation, the Parties filed a Joint Motion to Stay the Action while they attempted

to engage in targeted settlement communication. (*See* ECF No. 14) To facilitate settlement discussions, the Parties agreed to the scope of hourly, non-exempt workers subject to settlement communication and agreed to conduct a due diligence exchange of information, including payroll, timekeeping records, manual time sheets, and other targeted business records. (*See* ECF No. 14) In the meantime, the Parties also agreed to toll any statute of limitations of the putative class members.

4. Over the course of the next several months, counsel for Defendant and Representative Plaintiff continued to have several bona fide disputes and narrowed the scope of their disputes for purposes of facilitating their settlement efforts. Representative Plaintiff's counsel construed an individualized damages model using the pay and time information produced by Defendant, specific rates of pay over all applicable pay periods, applied an average damages amount based on a representative sample of current or former hourly, non-exempt general laborers of Defendant from January 1, 2022 through December 31, 2023 (the "Eligible Settlement Participants"), and determined the total potential damages if they prevailed on their claims of unpaid overtime wages and related damages. As part of the damages model, Representative Plaintiff's counsel also evaluated the likelihood of success on the merits on one or more claims in the Action, including whether (a) Representative Plaintiff and the Eligible Settlement Participants worked overtime; (b) whether any potential unpaid time was actually compensable; (c) whether Defendant had knowledge of any alleged unpaid time; (d) Defendant's defenses and affirmative defenses; and (e) evaluated the applicable legal authority. Defendant also conducted its own evaluation of the claims asserted, alleged damages, and defenses using the same payroll and timekeeping records.

5. The Court notes that Representative Plaintiff and Defendant had lengthy and extensive settlement negotiations, and, despite those differences, the Parties were able to reach a resolution in principle on October 25, 2024 and have agreed to settle this Action on the terms set forth in the Agreement (ECF No. 19-1).

6. The Global Settlement Fund is $85,000, which sum will cover: (1) all Settlement Awards to be distributed to all Eligible Settlement Participants who complete and timely return a Consent Form (the Settlement Awards are equivalent to $49,559.67) within the time period set forth in the Agreement, (2) Attorneys' Fees, equal to 1/3 of the Global Settlement Fund, and costs incurred prosecuting the Action, and (4) costs associated with administering the Settlement by Analytics Consulting, LLC.

7. In exchange for their individual Settlement Awards and other valuable consideration, those who complete and timely return his or her Consent Form (i.e. "Claimants") will release Defendant and other Released Parties from all wage-and-hour claims, rights, demands, liabilities and causes of action that were asserted, or could have been asserted, under the FLSA, the Ohio Acts, or any other applicable federal, state or local wage-and-hour laws during the Calculation Period as set forth more fully in the Agreement and dismiss this case with prejudice.

8. The Parties request an Order granting approval of the FLSA Collective Action Settlement and finding that approval is warranted in all respects as "fair, reasonable, and adequate." *Satterly v. Airstream, Inc.*, No. 3:19-cv-32, 2020 WL 6536342, at *4 (S.D. Ohio Sep. 25, 2020) (citing *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). To approve a settlement agreement, a court must conclude that it is a "fair, reasonable, and adequate" resolution of a bona fide legal dispute. *Int'l Union, United Auto, Aerospace, and Agr. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (discussing a class action settlement

18211714.2

under Federal Rule of Civil Procedure 23); *see also Vigna v. Emery Fed. Credit Union*, No. 1:15-cv-51, 2016 WL 7034237, at *3 (S.D. Ohio Dec. 2, 2016) (applying the same factors to an FLSA settlement). Factors relevant to this determination include: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the plaintiff's likelihood of success on the merits; and (5) the public interest in settlement. *Clevenger v. JMC Mechanical, Inc.*, No. 2:15-cv-2639, 2015 WL 12681645, at *1 (S.D. Ohio Sept. 25, 2015) (citation omitted). "The court may choose to consider only factors that are relevant to the settlement at hand and may weigh particular factors according to the demands of the case." *Gentrup*, 2011 WL 2532922, at *3. Additionally, the Court must separately assess the reasonableness of any proposed award of attorneys' fees and costs, even when they are negotiated as part of the settlement. *Vigna*, 2016 WL 7034237, at *4.

9. I find that the proposed Settlement is fair and reasonable and satisfies the standard for approval under Section 16(b) of the FLSA, 29 U.S.C. § 216(b). I further find that the Settlement resulted from arms-length negotiations between experienced counsel after substantial investigation, and with the assistance of this Court. The Parties have informed this Court that they believe the Settlement is fair, reasonable, and adequate and in the best interests of the Representative Plaintiff and Eligible Settlement Participants. I have considered all relevant factors, including the risk, complexity, expense, and likely duration of the litigation; the extent of investigation; the amount offered in the Settlement; and the experience and views of counsel for the Parties.

10. I grant the Parties' Joint Motion (ECF No. 19), approve the Settlement in all respects, and Order that the Settlement be implemented according to the terms and conditions of the Agreement.

18211714.2

11. I find that the proposed allocation and calculation of the individual Settlement Awards to Representative Plaintiff and the Eligible Settlement Participants are fair and reasonable and approve the method of calculation and proposed distribution of the Settlement Awards.

12. I also approve of the payment of Attorneys' Fees and Costs to Representative Plaintiff's Counsel as provided in the Agreement.

13. Finally, I approve of the payment of costs to Analytics Consulting, LLC to administer the Settlement.

14. The Court dismisses the claims of the Representative Plaintiff and the Claimants (whose Consent Forms will be filed at the end of the time period set forth in the Agreement) with prejudice and enters this final judgment of dismissal. The Court retains jurisdiction to enforce all the terms of the Settlement.

**IT IS SO ORDERED.**

Date: 11/20/2024

s/James G. Carr
JUDGE JAMES G. CARR
United States District Court Judge